**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **LAURA HOFFMAN,** | ) | **CASE NO.: 1:18-CV-00309** |
| | ) | |
| **and** | ) | **JUDGE: CHRISTOPHER A. BOYKO** |
| | ) | |
| **LINDA HERMAN,** | ) | |
| | ) | **JOINT ANSWER OF DEFENDANTS** |
| **Plaintiffs,** | ) | **CUYAHOGA COUNTY, THE OFFICE** |
| | ) | **OF THE PROSECUTING ATTORNEY,** |
| **vs.** | ) | **MICHAEL C. O'MALLEY, JENNIFER** |
| | ) | **DRISCOLL, GREGORY MUSSMAN,** |
| **MICHAEL C. O'MALLEY, et al.,** | ) | **JOANNA WHINERY, AND LISA** |
| | ) | **WILLIAMSON** |
| **Defendants.** | ) | |

**COME NOW** the Defendants, Cuyahoga County, the Office of the Prosecuting

Attorney, Michael C. O'Malley, Jennifer Driscoll, Gregory Mussman, Joanna Whinery,

and Lisa Williamson, by and through undersigned counsel, and for their Answer to

Plaintiffs' Complaint, state and aver as follows:

**FIRST DEFENSE**

1. Defendants admit that Defendant Michael C. O'Malley replaced Timothy McGinty as

   Cuyahoga County Prosecutor and deny all remaining allegations contained in

   Paragraph 1 of Plaintiffs' Complaint.

2. Defendants deny or deny for lack of knowledge or information sufficient to form a belief

   as to the truth of the allegations contained in Paragraph 2 of Plaintiffs' Complaint.

3. Defendants deny the allegations contained in Paragraph 3 of Plaintiffs' Complaint.

4. Defendants deny the allegations contained in Paragraph 4 of Plaintiffs' Complaint.

5. Defendants deny the allegations contained in Paragraph 5 of Plaintiffs' Complaint.

6. Defendants deny for lack of knowledge or information sufficient to form a belief as to

the truth of the allegations contained in Paragraph 6 of Plaintiffs' Complaint.

7.     Defendants deny or deny for lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 of Plaintiffs' Complaint.

8.     Defendants deny or deny for lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of Plaintiffs' Complaint.

9.     Defendants deny the allegations contained in Paragraph 9 of Plaintiffs' Complaint.

10.    Defendants deny the allegations contained in Paragraph 10 of Plaintiffs' Complaint.

11.    Paragraph 11 is not an allegation.  To the extent that a response is necessary, Defendants deny the averments contained in Paragraph 11 of Plaintiffs' Complaint.

12.    Defendants deny for lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 of Plaintiffs' Complaint.

13.    Defendants deny for lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 of Plaintiffs' Complaint.

14.    Defendants admit the allegations contained in Paragraph 14 of Plaintiffs' Complaint.

15.    Defendants admit that Defendant O'Malley is the elected Prosecutor of Cuyahoga County, residency information for prosecutors is confidential under Ohio law.  Defendants deny all remaining allegations contained in Paragraph 15 of Plaintiffs' Complaint.

16.    Defendants admit that Defendant Williamson is the First Assistant Prosecuting Attorney and Defendants Mussman, Whinery and Driscoll are Assistant Prosecuting Attorneys for the Cuyahoga County Prosecutor's Office, residency information of prosecutors is confidential under Ohio law.  Defendants deny all remaining allegations

contained in Paragraph 16 of Plaintiffs' Complaint.

17.     Defendants deny the allegations contained in Paragraph 17 of Plaintiffs' Complaint.

18.     Defendants deny the allegations contained in Paragraph 18 of Plaintiffs' Complaint.

19.     Defendants deny the allegations contained in Paragraph 19 of Plaintiffs' Complaint.

20.     Defendants admit that venue is proper and deny all remaining allegations in Paragraph 20 of Plaintiffs' Complaint.

21.     Defendants admit that there is an Exhibit 1 attached to Plaintiffs' Complaint, which speaks for itself and deny all remaining allegations contained in Paragraph 21 of Plaintiffs' Complaint.

22.     Defendants deny for lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22 of Plaintiffs' Complaint.

23.     Defendants deny or deny for lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23 of Plaintiffs' Complaint.

24.     Defendants admit that Hoffman was hired as an Assistant Prosecuting Attorney for the Cuyahoga County Prosecutor's Office in June of 2014 and deny all remaining allegations contained in Paragraph 24 of Plaintiffs' Complaint.

25.     Defendants deny the allegations contained in Paragraph 25 of Plaintiffs' Complaint.

26.     Defendants deny for lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 26 of Plaintiffs' Complaint

3

27.     Defendants admit that Herman was hired as an Assistant Prosecuting Attorney for the Cuyahoga County Prosecutor's Office in February of 2015 and deny all remaining allegations contained in Paragraph 27 of Plaintiffs' Complaint.

28.     Defendants admit the allegations contained in Paragraph 28 of Plaintiffs' Complaint.

29.     Defendants admit that Herman was assigned to a magistrate's courtroom in January of 2016 and deny all remaining allegations in Paragraph 29 of Plaintiffs' Complaint.

30.     Defendants admit that Herman was assigned to a judge's courtroom and deny all remaining allegations in Paragraph 30 of Plaintiffs' Complaint.

31.     Defendants deny the allegations contained in Paragraph 31 of Plaintiffs' Complaint.

32.     Defendants deny the allegations contained in Paragraph 32 of Plaintiffs' Complaint.

33.     Defendants deny or deny for lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 33 of Plaintiffs' Complaint.

34.     Defendants deny the allegations contained in Paragraph 34 of Plaintiffs' Complaint.

35.     Defendants admit that Herman was a member of the Sexual Assault Review Team and deny all remaining allegations in Paragraph 35 of Plaintiffs' Complaint.

36.     Defendants admit that Hoffman requested a text enlargement program and a portable closed-circuit television as a reasonable accommodation for her disability and deny for lack of knowledge or information sufficient to form a belief as to the truth of the

allegations contained in Paragraph 36 of Plaintiffs' Complaint.

37.     Defendants deny for lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 37 of Plaintiffs' Complaint.

38.     Defendants admit the allegations contained in Paragraph 38 of Plaintiffs' Complaint.

39.     Defendants admit that Hoffman was provided reasonable accommodations for her disability and deny all remaining allegations in Paragraph 39 of Plaintiffs' Complaint.

40.     Defendants deny the allegations contained in Paragraph 40 of Plaintiffs' Complaint.

41.     Defendants deny or deny for lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 41 of Plaintiffs' Complaint.

42.     Defendants deny or deny for lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 42 of Plaintiffs' Complaint.

43.     Defendants deny the allegations contained in Paragraph 43 of Plaintiffs' Complaint.

44.     Defendants deny or deny for lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 44 of Plaintiffs' Complaint.

45.     Defendants deny or deny for lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 45 of Plaintiffs' Complaint.

46.     Defendants admit the allegations contained in Paragraph 46 of Plaintiffs' Complaint.

47.     Defendants deny the allegations contained in Paragraph 47 of Plaintiffs' Complaint.

48. Defendants admit the allegations contained in Paragraph 48 of Plaintiffs' Complaint.

49. Defendants admit that Defendant Mussman held a meeting with all Assistant Prosecuting Attorneys in the juvenile justice unit in January 2017 and deny all remaining allegations in Paragraph 49 of Plaintiffs' Complaint.

50. Defendants admit that Defendant Mussman met with Hoffman in January 2017 and deny all remaining allegations contained in Paragraph 50 of Plaintiffs' Complaint.

51. Defendants deny the allegations contained in Paragraph 51 of Plaintiffs' Complaint.

52. Defendants deny the allegations contained in Paragraph 52 of Plaintiffs' Complaint.

53. Defendants admit that Defendant Mussman met with Hoffman in January 2017 deny all remaining allegations contained in Paragraph 53 of Plaintiffs' Complaint.

54. Defendants admit that Hoffman emailed Sobczyk and copied Defendants Mussman and Williamson on January 8, 2017 and deny all remaining allegations contained in Paragraph 54 of Plaintiffs' Complaint.

55. Defendants admit that Defendant Mussman met with Hoffman in January 2017 and that Defendant Whinery was present and deny all remaining allegations contained in Paragraph 55 of Plaintiffs' Complaint.

56. Defendants deny the allegations contained in Paragraph 56 of Plaintiffs' Complaint.

57. Defendants deny the allegations contained in Paragraph 57 of Plaintiffs' Complaint.

58.     Defendants admit that Hoffman emailed Sobczyk on January 10, 2017 and deny the remaining allegations contained in Paragraph 58 of Plaintiffs' Complaint.

59.     Defendants admit that a meeting between Sobczyk and Hoffman was scheduled in February 2017 and deny all remaining allegations contained in Paragraph 59 of Plaintiffs' Complaint.

60.     Defendants deny the allegations contained in Paragraph 60 of Plaintiffs' Complaint.

61.     Defendants admit that Herman was assigned to Judge Floyd's courtroom and deny for lack of knowledge or information sufficient to form a belief as to the truth of the allegations all remaining allegations contained in Paragraph 61 of Plaintiffs' Complaint.

62.     Defendants deny the allegations contained in Paragraph 62 of Plaintiffs' Complaint.

63.     Defendants deny the allegations contained in Paragraph 63 of Plaintiffs' Complaint.

64.     Defendants deny the allegations contained in Paragraph 64 of Plaintiffs' Complaint.

65.     Defendants admit that Defendant Mussman held a meeting in January, 2017 and deny all remaining allegations contained in Paragraph 65 of Plaintiffs' Complaint.

66.     Defendants admit that Defendant Mussman instructed the assistant prosecuting attorneys to find any uncharged sexual assault cases and report them to Defendant Whinery immediately and deny all remaining allegations contained in Paragraph 66 of Plaintiffs' Complaint.

67.     Defendants deny that Hoffman complied as instructed and deny for lack of

knowledge or information sufficient to form a belief as to the truth of the allegations all remaining allegations contained in Paragraph 67 of Plaintiffs' Complaint.

68.    Defendants deny or deny for lack of knowledge or information sufficient to form a belief as to the truth of the allegations the allegations contained in Paragraph 68 of Plaintiffs' Complaint.

69.    Defendants deny the allegations contained in Paragraph 69 of Plaintiffs' Complaint.

70.    Defendants deny the allegations contained in Paragraph 70 of Plaintiffs' Complaint.

71.    Defendants deny that Hoffman immediately informed Defendant Whinery of the uncharged files that had been sitting on her desk for over two years, deny the characterization of her conduct as a "discrepancy" and deny all remaining allegations contained in Paragraph 71 of Plaintiffs' Complaint.

72.    Defendants deny the allegations contained in Paragraph 72 of Plaintiffs' Complaint.

73.    Defendants admit that Defendants Mussman, Williamson and Whinery held a meeting with Hoffman in February 2017 and deny all remaining allegations contained in Paragraph 73 of Plaintiffs' Complaint.

74.    Defendants admit that Defendants Mussman, Williamson and Whinery questioned Hoffman regarding her misconduct and deny all remaining allegations contained in Paragraph 74 of Plaintiffs' Complaint.

75.    Defendants deny the allegations contained in Paragraph 75 of Plaintiffs' Complaint.

76.     Defendants deny the allegations contained in Paragraph 76 of Plaintiffs' Complaint.

77.     Defendants admit that Sobczyk met with Hoffman on February 6, 2017 and that Hoffman was instructed to provide required documentation from a medical provider to support the requested accommodation which Hoffman had failed to provide.  Defendants deny all remaining allegations contained in Paragraph 77 of Plaintiffs' Complaint.

78.     Defendants deny the allegations contained in Paragraph 78 of Plaintiffs' Complaint.

79.     Defendants deny the allegations contained in Paragraph 79 of Plaintiffs' Complaint.

80.     Defendants deny the allegations contained in Paragraph 80 of Plaintiffs' Complaint.

81.     Defendants admit that Herman brought her uncharged files to support staff to hide her failure to comply with the directive to immediately produce her uncharged sexual assault files and deny all remaining allegations contained in Paragraph 81 of Plaintiffs' Complaint including Plaintiffs' characterization of the uncharged files as "cold cases."

82.     Defendants admit that Herman eventually produced the uncharged files to Defendant Whinery and deny all remaining allegations contained in Paragraph 82 of Plaintiffs' Complaint.

83.     Defendants admit that Defendants Mussman, Williamson and Whinery held a meeting with Herman and deny all remaining allegations contained in Paragraph 83 of Plaintiffs' Complaint.

84.     Defendants admit that Defendants questioned Herman regarding her misconduct

and deny Plaintiffs' characterization of the uncharged sexual assault cases as "cold-case" files and deny all remaining allegations contained in Paragraph 84 of Plaintiffs' Complaint.

85.    Defendants admit that Herman failed to take any responsibility for her actions and made multiple unsupportable excuses after the fact for her conceded failure to comply with her supervisor's order to immediately turn over any uncharged sexual assault files in her possession and for her neglect in allowing the uncharged cases to sit on her desk. Defendants deny all remaining allegations contained in Paragraph 85 of Plaintiffs' Complaint.

86.    Defendants deny for lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 86 of Plaintiffs' Complaint.

87.    Defendants deny for lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 87 of Plaintiffs' Complaint.

88.    Defendants deny the allegation contained in Paragraph 88 of Plaintiffs' Complaint.

89.    Defendants admit that an email was sent to Hoffman and deny for lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 89 of Plaintiffs' Complaint

90.    Defendants admit that the Notice of Pre-Disciplinary Conference emailed to Hoffman provided Hoffman with notice of allegation of employee misconduct including violation of Cuyahoga County Prosecutor's Office (CCPO) Disciplinary Process Section 4.02 (inefficiency/incompetency/neglect of duty) and Ohio Rules of Professional Conduct (section 1.3 "Diligence").    Defendants deny all remaining allegations contained in Paragraph 90 of Plaintiffs' Complaint.

91.    Defendants admit that Hoffman attended a pre-disciplinary conference with

Defendants Mussman and Williamson and Sobczyk, Russell and Tye and deny all remaining allegations contained in Paragraph 91 of Plaintiffs' Complaint.

92.     Defendants deny for want of knowledge or information sufficient to form a belief as to the truth of the allegations the allegations contained in Paragraph 92 of Plaintiffs' Complaint.

93.     Defendants deny the allegations contained in Paragraph 93 of Plaintiffs' Complaint.

94.     Defendants admit that Hoffman failed to take any responsibility for her actions and made multiple unsupportable excuses after the fact for her conceded failure to comply with her supervisor's order to immediately turn over any uncharged sexual assault files in her possession and for her neglect in allowing the uncharged cases to sit on her desk. Defendants deny all remaining allegations contained in Paragraph 94 of Plaintiffs' Complaint.

95.     Defendants deny the allegations contained in Paragraph 95 of Plaintiff's Complaint.

96.     Defendants admit that Hoffman was found to be in violation of CCPO Section 4.02, which includes neglect of duty, and deny all remaining allegations contained in Paragraph 96 of Plaintiffs' Complaint.

97.     Defendants deny that Hoffman was left with no choice but to resign and deny for lack of knowledge or information sufficient to form a belief as to the truth of the allegations all remaining allegations contained in Paragraph 97 of Plaintiffs' Complaint.

98.     Defendants deny for lack of knowledge or information sufficient to form a belief as to the truth of the allegations the allegations contained in Paragraph 98 of Plaintiffs'

Complaint.

99.    Defendants deny for lack of knowledge or information sufficient to form a belief as to the truth of the allegations the allegations contained in Paragraph 99 of Plaintiffs' Complaint.

100.    Defendants deny for lack of knowledge or information sufficient to form a belief as to the truth of the allegations the allegations contained in Paragraph 100 of Plaintiffs' Complaint.

101.    Defendants deny for lack of knowledge or information sufficient to form a belief as to the truth of the allegations the allegations contained in Paragraph 101 of Plaintiffs' Complaint.

102.    Defendants admit Herman attended a pre-disciplinary conference with Defendants Mussman and Williamson, Sobczyk, Russel and Tye, and deny all remaining allegations contained in Paragraph 102 of Plaintiffs' Complaint.

103.    Defendants admit that Herman was asked why she failed to report the uncharged sexual assault files assigned to her for three days and deny Plaintiffs' characterization of SART as "aspirational" and all other remaining allegations contained in Paragraph 103 of Plaintiffs' Complaint.

104.    Defendants admit that Herman failed to accept responsibility for her actions and made excuses for her conduct.  Defendants deny all remaining allegations contained in Paragraph 104 of Plaintiffs' Complaint.

105.    Defendants deny the allegations contained in Paragraph 105 of Plaintiffs' Complaint.

106.    Defendants deny for lack of knowledge or information sufficient to form a belief as

to the truth of the allegations the allegations contained in Paragraph 106 of Plaintiffs' Complaint.

107.    Defendants admit that the Prosecutor's Office had grounds to terminate Herman and deny all remaining allegations contained in Paragraph 107 of Plaintiffs' Complaint.

108.    Defendants admit that Herman and Hoffman voluntarily resigned and deny all remaining allegations contained in Paragraph 108 of Plaintiffs' Complaint.

109.    Defendants deny for lack of knowledge or information sufficient to form a belief as to the truth of the allegations the allegations contained in Paragraph 109 of Plaintiffs' Complaint.

110.    Defendants admit that Hoffman, Herman and Robin Belcher voluntarily resigned from employment with the Cuyahoga County Prosecutor's Office and deny all remaining allegations contained in Paragraph 110 of Plaintiffs' Complaint.

111.    Defendants deny the allegations contained in Paragraph 111 of Plaintiffs' Complaint.

112.    Defendants deny the allegations contained in Paragraph 112 of Plaintiffs' Complaint.

113.    Defendants deny that Defendants O'Malley, Whinery, Driscoll, and Mussman ever stated that Hoffman and Herman were forced to resign for mishandling "the bulk of" 76 uncharged sexual assault cases, including 37 cases of rape and 32 cases of gross sexual imposition.  Defendants further deny that any such statement was ever made by any of Defendants in an article published on *Cleveland.com* and in *The Plain Dealer* that was further publicized by Fox 8 Cleveland or News Channel 5 Cleveland and deny all remaining allegations contained in Paragraph 113 of Plaintiffs' Complaint.  Further

answering, Defendants aver that the *Cleveland.com* article referenced in Plaintiffs' Complaint speaks for itself and is attached hereto as Exhibit A, which is expressly incorporated to this Joint Answer by reference.[1]

114.    Defendants deny the allegations contained in Paragraph 114 of Plaintiffs' Complaint.

115.    Defendants deny the allegations contained in Paragraph 115 of Plaintiffs' Complaint.

116.    Defendants deny the allegations contained in Paragraph 116 of Plaintiffs' Complaint.  Further answering, Defendants aver that the News Channel 5 Cleveland story referenced in Plaintiffs' Complaint speaks for itself and is attached hereto as Exhibit B, which is expressly incorporated to this Joint Answer by reference.[2]

117.    Defendants deny the allegations contained in Paragraph 117 of Plaintiffs' Complaint.   Further answering, Defendants aver that the Fox 8 Cleveland story referenced in Plaintiffs' Complaint speaks for itself and is attached hereto as Exhibit C, which is expressly incorporated to this Joint Answer by reference.[3]

118.    Defendants deny the allegations contained in Paragraph 118 of Plaintiffs' Complaint.   Further answering, Defendants aver that the WCPN Ideastream article referenced in Plaintiffs' Complaint speaks for itself and is attached hereto as Exhibit D,

---

[1] http://www.cleveland.com/metro/index.ssf/2017/02/prosecutors_uncover_dozens_of.html (accessed May 8, 2018).

[2] https://www.news5cleveland.com/news/local-news/oh-cuyahoga/cuyahoga-co-prosecutors-office-says-thousands-of-cases-wrongly-marked-inactive (accessed May 8, 2018).

[3] http://fox8.com/2017/02/13/staffers-disciplined-as-prosecutor-says-dozens-of-juvenile-sex-assault-cases-never-charged/ (accessed May 8, 2018).

which is expressly incorporated to this Joint Answer by reference.[4]

119.    Defendants deny the allegations contained in Paragraph 119 of Plaintiffs' Complaint. Further answering, Defendants aver that the *The Morning Journal* article referenced in Plaintiffs' Complaint speaks for itself and is attached hereto as Exhibit E, which is expressly incorporated to this Joint Answer by reference.[5]

120.    Defendants deny the allegations contained in Paragraph 120 of Plaintiffs' Complaint.

121.    Defendants deny the allegations contained in Paragraph 121 of Plaintiffs' Complaint.

122.    Defendants deny the allegations contained in Paragraph 122 of Plaintiffs' Complaint.

123.    Defendants deny the allegations contained in Paragraph 123 of Plaintiffs' Complaint.

124.    Defendants deny the allegations contained in Paragraph 124 of Plaintiffs' Complaint.

125.    Defendants deny the allegations contained in Paragraph 125 of Plaintiffs' Complaint.

126.    Defendants deny the allegations regarding Duane Deskins for lack of knowledge or information sufficient to form a belief as to the truth of the allegations and deny all remaining allegations contained in Paragraph 126 of Plaintiffs' Complaint.

---

[4] http://wcpn.ideastream.org/news/fired-county-attorney-questions-reasoning-behind-dismissal (accessed May 8, 2018).

[5] http://www.morningjournal.com/article/MJ/20170214/NEWS/170219680 (accessed May 8, 2018).

127.    Defendants deny the allegations contained in Paragraph 127 of Plaintiffs' Complaint.

128.    Defendants deny the allegations contained in Paragraph 128 of Plaintiffs' Complaint.

129.    Defendants deny the allegations contained in Paragraph 129 of Plaintiffs' Complaint.

130.    Defendants deny the allegations contained in Paragraph 130 of Plaintiffs' Complaint.

131.    Defendants deny the allegations contained in Paragraph 131 of Plaintiffs' Complaint.

132.    Defendants deny the allegations contained in Paragraph 132 of Plaintiffs' Complaint.

133.    Defendants deny the allegations contained in Paragraph 133 of Plaintiffs' Complaint.

134.    Defendants deny the allegations contained in Paragraph 134 of Plaintiffs' Complaint.

135.    Defendants deny the allegations contained in Paragraph 135 of Plaintiffs' Complaint.

136.    Defendants deny the allegations contained in Paragraph 136 of Plaintiffs' Complaint.

137.    Defendants deny the allegations contained in Paragraph 137 of Plaintiffs' Complaint.

138.    Defendants deny the allegations contained in Paragraph 138 of Plaintiffs'

Complaint.

139.    Defendants incorporate by reference their answers to Paragraphs 1 through 138 as if fully rewritten herein.

140.    Paragraph 140 is not an allegation.  To the extent that a response is necessary, Defendants deny the averments contained in Paragraph 140 of Plaintiffs' Complaint.

141.    Defendants deny the allegations contained in Paragraph 141 of Plaintiffs' Complaint.

142.    Defendants deny the allegations contained in Paragraph 142 of Plaintiffs' Complaint.

143.    Defendants deny the allegations contained in Paragraph 143 of Plaintiffs' Complaint.

144.    Defendants deny the allegations contained in Paragraph 144 of Plaintiffs' Complaint.

145.    Defendants incorporate by reference their answers to Paragraphs 1 through 144 as if fully rewritten herein.

146.    Paragraph 146 is not an allegation.  To the extent that a response is necessary, Defendants deny the averments contained in Paragraph 146 of Plaintiffs' Complaint.

147.    Defendants deny the allegations contained in Paragraph 147 of Plaintiffs' Complaint.

148.    Defendants deny the allegations contained in Paragraph 148 of Plaintiffs' Complaint.

149.    Defendants deny the allegations contained in Paragraph 149 of Plaintiffs' Complaint.

150.     Defendants deny the allegations contained in Paragraph 150 of Plaintiffs' Complaint.

151.     Defendants incorporate by reference their answers to Paragraphs 1 through 150 as if fully rewritten herein.

152.     Paragraph 152 is not an allegation.  To the extent that a response is necessary, Defendants deny the averments contained in Paragraph 152 of Plaintiffs' Complaint.

153.     Defendants deny the allegations contained in Paragraph 153 of Plaintiffs' Complaint.

154.     Defendants deny the allegations contained in Paragraph 154 of Plaintiffs' Complaint.

155.     Defendants deny the allegations contained in Paragraph 155 of Plaintiffs' Complaint.

156.     Defendants deny the allegations contained in Paragraph 156 of Plaintiffs' Complaint.

157.     Defendants deny the allegations contained in Paragraph 157 of Plaintiffs' Complaint.

158.     Defendants incorporate by reference their answers to Paragraphs 1 through 157 as if fully rewritten herein.

159.     Paragraph 159 is not an allegation.  To the extent that a response is necessary, Defendants deny the averments contained in Paragraph 159 of Plaintiffs' Complaint.

160.     Defendants deny the allegations contained in Paragraph 160 of Plaintiffs' Complaint.

161.     Defendants deny the allegations contained in Paragraph 161 of Plaintiffs'

Complaint.

162.    Defendants deny the allegations contained in Paragraph 162 of Plaintiffs' Complaint.

163.    Defendants deny the allegations contained in Paragraph 163 of Plaintiffs' Complaint.

164.    Defendants incorporate by reference their answers to Paragraphs 1 through 163 as if fully rewritten herein.

165.    Paragraph 165 is not an allegation.  To the extent that a response is necessary, Defendants deny the averments contained in Paragraph 165 of Plaintiffs' Complaint.

166.    Defendants deny the allegations contained in Paragraph 166 of Plaintiffs' Complaint.

167.    Defendants deny the allegations contained in Paragraph 167 of Plaintiffs' Complaint.

168.    Defendants deny the allegations contained in Paragraph 168 of Plaintiffs' Complaint.

169.    Answering Paragraph 169, Defendants deny that some unspecified number of them made "these" statements, but further answering, admit that any statements that were in fact made by the Defendants herein relative to Plaintiffs were made within the scope and Defendants' employment with the Office of the Prosecuting Attorney of Cuyahoga County.

170.    Defendants deny the allegations contained in Paragraph 170 of Plaintiffs' Complaint.

171.    Defendants deny the allegations contained in Paragraph 171 of Plaintiffs'

Complaint.

172.    Defendants deny the allegations contained in Paragraph 172 of Plaintiffs' Complaint.

173.    Defendants incorporate by reference their answers to Paragraphs 1 through 172 as if fully rewritten herein.

174.    Paragraph 174 is not an allegation.  To the extent that a response is necessary, Defendants deny the averments contained in Paragraph 174 of Plaintiffs' Complaint.

175.    Paragraph 175 is not an allegation.  To the extent that a response is necessary, Defendants deny the averments contained in Paragraph 175 of Plaintiffs' Complaint.

176.    Defendants deny the allegations contained in Paragraph 176 of Plaintiffs' Complaint.

177.    Defendants deny the allegations contained in Paragraph 177 of Plaintiffs' Complaint.

178.    Defendants deny the allegations contained in Paragraph 178 of Plaintiffs' Complaint.

179.    Answering Paragraph 179, Defendants deny that some unspecified number of them made "these" statements, but further answering, admit that any statements that were in fact made by the Defendants herein relative to Plaintiffs were made within the scope and Defendants' employment with the Office of the Prosecuting Attorney of Cuyahoga County.

180.    Defendants deny the allegations contained in Paragraph 180 of Plaintiffs' Complaint.

181.    Defendants deny the allegations contained in Paragraph 181 of Plaintiffs'

Complaint.

182.    Defendants deny any and all remaining allegations in Plaintiffs' Complaint that are not expressly admitted as true.

## SECOND DEFENSE

183.    Defendants restate and reallege the responses to the Complaint set forth in Paragraphs 1 through 182 of this Answer, as if fully rewritten herein.

184.    Plaintiffs' Complaint in whole or in part fails to state a claim upon which relief can be granted.

## THIRD DEFENSE

185.    Defendants restate and reallege the responses to the Complaint set forth in Paragraphs 1 through 184 of this Answer, as if fully rewritten herein.

186.    Plaintiffs' claims are barred by the applicable statute(s) of limitations.

## FOURTH DEFENSE

187.    Defendants restate and reallege the responses to the Complaint set forth in Paragraphs 1 through 186 of this Answer, as if fully rewritten herein.

188.    Defendants are entitled to all full or qualified immunities available under federal and/or state law, and/or common law.

## FIFTH DEFENSE

189.    Defendants restate and reallege the responses to the Complaint set forth in Paragraphs 1 through 188 of this Answer, as if fully rewritten herein.

190.    Defendants are entitled to all immunities or defenses available under Ohio Revised Code Chapter 2744.

## SIXTH DEFENSE

191.    Defendants restate and reallege the responses to the Complaint set forth in

Paragraphs 1 through 190 of this Answer, as if fully rewritten herein.

192.    Plaintiffs' alleged injuries and damages were the direct and proximate result of the acts of a third party.

## SEVENTH DEFENSE

193.    Defendants restate and reallege the responses to the Complaint set forth in Paragraphs 1 through 192 of this Answer, as if fully rewritten herein.

194.    Plaintiffs have failed to name and join one or more necessary and/or indispensable parties as required by the Federal Rules of Civil Procedure.

## EIGHTH DEFENSE

195.    Defendants restate and reallege the responses to the Complaint set forth in Paragraphs 1 through 194 of this Answer, as if fully rewritten herein.

196.    Plaintiffs' action fails for insufficiency of process and of service of process.

## NINTH DEFENSE

197.    Defendants restate and reallege the responses to the Complaint set forth in Paragraphs 1 through 196 of this Answer, as if fully rewritten herein.

198.    Plaintiffs' claims are barred due to lack of *in personam* jurisdiction over one or more of the Defendants.

## TENTH DEFENSE

199.    Defendants restate and reallege the responses to the Complaint set forth in Paragraphs 1 through 198 of this Answer, as if fully rewritten herein.

200.    This Court lacks subject matter jurisdiction of one or more of Plaintiffs' claims.

## ELEVENTH DEFENSE

201.    Defendants restate and reallege the responses to the Complaint set forth in Paragraphs 1 through 200 of this Answer, as if fully rewritten herein.

202.    Plaintiffs' claims for damages are barred by the Eleventh Amendment to the United States Constitution.

## TWELFTH DEFENSE

203.    Defendants restate and reallege the responses to the Complaint set forth in Paragraphs 1 through 202 of this Answer, as if fully rewritten herein.

204.    Plaintiffs have failed to mitigate damages.

## THIRTEENTH DEFENSE

205.    Defendants restate and reallege the responses to the Complaint set forth in Paragraphs 1 through 204 of this Answer, as if fully rewritten herein.

206.    Plaintiffs' employment-related claims fail because the employment decisions about which they complain were based on legitimate non-discriminatory reasons.

## FOURTEENTH DEFENSE

207.    Defendants restate and reallege the responses to the Complaint set forth in Paragraphs 1 through 206 of this Answer, as if fully rewritten herein.

208.    Plaintiffs' employment-related claims fail because they did not suffer any adverse employment action due to their having voluntarily resigned.

## FIFTEENTH DEFENSE

209.    Defendants restate and reallege the responses to the Complaint set forth in Paragraphs 1 through 208 of this Answer, as if fully rewritten herein.

210.    Plaintiffs' claims for punitive damages, costs and attorney's fees are barred or limited, in whole or in part, by applicable law.

## SIXTEENTH DEFENSE

211.    Defendants restate and reallege the responses to the Complaint set forth in Paragraphs 1 through 210 of this Answer, as if fully rewritten herein.

212. Plaintiffs are not entitled to a jury for one or more of their claims.

### SEVENTEENTH DEFENSE

213. Defendants restate and reallege the responses to the Complaint set forth in Paragraphs 1 through 212 of this Answer, as if fully rewritten herein.

214. Any and all statements attributed to Defendants, including those complained of in the Complaint, were true.

### EIGHTEENTH DEFENSE

215. Defendants restate and reallege the responses to the Complaint set forth in Paragraphs 1 through 214 of this Answer, as if fully rewritten herein.

216. Any and all statements attributed to Defendants and complained of in the Complaint were statements of opinion.

### NINETEENTH DEFENSE

217. Defendants restate and reallege the responses to the Complaint set forth in Paragraphs 1 through 216 of this Answer, as if fully rewritten herein.

218. Any and all allegedly defamatory statements attributed to Defendants were not "of and concerning" Plaintiffs.

### TWENTIETH DEFENSE

219. Defendants restate and reallege the responses to the Complaint set forth in Paragraphs 1 through 218 of this Answer, as if fully rewritten herein

220. Any and all statements attributed to Defendants were privileged or subject to conditional or qualified privilege.

### TWENTY-FIRST DEFENSE

221. Defendants restate and reallege the responses to the Complaint set forth in Paragraphs 1 through 220 of this Answer, as if fully rewritten herein

222.   Any and all statements alleged to be defamatory by Plaintiffs were made and published by third parties not named in this action, and not by any Defendants herein.

## TWENTY-SECOND DEFENSE

223.   Defendants restate and reallege the responses to the Complaint set forth in Paragraphs 1 through 222 of this Answer, as if fully rewritten herein.

224.   Plaintiffs herein are public employees and/or public figures, and Defendants at all times acted without actual malice.

## TWENTY-THIRD DEFENSE

225.   Defendants restate and reallege the responses to the Complaint set forth in Paragraphs 1 through 224 of this Answer, as if fully rewritten herein.

226.   Defendants statements concerning Plaintiffs were at all times privileged.

## TWENTY-FOURTH DEFENSE

227.   Defendants restate and reallege the responses to the Complaint set forth in Paragraphs 1 through 226 of this Answer, as if fully rewritten herein.

228.    Defendants reserve the right to assert additional defenses that may be revealed during discovery and such other matters as may arise during this litigation.

**WHEREFORE**, having fully answered Plaintiffs' Complaint, Defendants Cuyahoga County, Michael C. O'Malley, Jennifer Driscoll, Gregory Mussman, Joanna Whinery, and Lisa Williamson respectfully pray that Plaintiffs' Complaint be dismissed with prejudice, that Plaintiff's take nothing, that the Court enter judgment in their favor, grant them costs and attorneys' fees, and awards them such other relief as the Court may be just and appropriate.

Respectfully submitted,

**MICHAEL C. O'MALLEY, Prosecuting
Attorney of Cuyahoga County, Ohio**

**By:** **/s/ David G. Lambert**
**David G. Lambert (0030273)**
**Nora E. Poore (0079609)**
**Assistant Prosecuting Attorneys**
**The Justice Center, Courts Tower**
**1200 Ontario Street, 8th Floor**
**Cleveland, Ohio   44113**
**Tel: (216) 443-7829**
**Fax: (216) 443-7602**
**dlambert@prosecutor.cuyahogacounty.us**
**npoore@prosecutor.cuyahogacounty.us**

*Attorneys for Cuyahoga County Defendants*

## JURY DEMAND

Defendants Cuyahoga County, the Office of the Prosecuting Attorney, Michael C.

O'Malley, Jennifer Driscoll, Gregory Mussman, Joanna Whinery, and Lisa Williamson,

demand a trial by jury by the maximum number of jurors permitted by law for each claim

and cause of action set forth in the Complaint to which a jury is permitted by law.

Respectfully submitted,

**MICHAEL C. O'MALLEY, Prosecuting
Attorney of Cuyahoga County, Ohio**

**By:** **/s/ David G. Lambert**
**David G. Lambert (0030273)**
**Nora E. Poore (0079609)**
**Assistant Prosecuting Attorneys**
**The Justice Center, Courts Tower**
**1200 Ontario Street, 8th Floor**
**Cleveland, Ohio   44113**
**Tel: (216) 443-7829**

**Fax: (216) 443-7602**
**dlambert@prosecutor.cuyahogacounty.us**
**npoore@prosecutor.cuyahogacounty.us**

*__Attorneys for Cuyahoga County Defendants__*

<u>**CERTIFICATE OF SERVICE**</u>

I certify that this 8th day of May 2018, a copy of County Defendants' Answer to Plaintiffs' Complaint was electronically filed.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.   Parties may access this filing through the Court's system.  A copy of the foregoing was also sent by regular U.S. mail to the following:

Peter Pattakos
Dean Williams
The Pattakos Law Firm LLC
101 Ghent Road
Fairlawn, OH 44333

*Counsel for Plaintiffs*

**/s/ David G. Lambert**
**David G. Lambert (0030273)**

Assistant Prosecuting Attorney