UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| LAURA HOFFMAN, et al., | ) | CASE NO. 1:18CV309 |
| | ) | |
| Plaintiffs, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| vs. | ) | OPINION AND ORDER |
| | ) | |
| MICHAEL C. O'MALLEY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**CHRISTOPHER A. BOYKO, J.**:

This matter comes before the Court upon the Motions (ECF DKT #10, #11 & #12) of Defendant Michael C. O'Malley, Defendant Gregory Mussman and Defendants Jennifer Driscoll and Joanna Whinery for Judgment on the Pleadings. For the following reasons, the Motions are granted in part and denied in part.

## I. BACKGROUND

Defendant Michael C. O'Malley took office as Cuyahoga County Prosecutor on January 2, 2017. O'Malley installed Defendant Gregory Mussman as Chief of the Juvenile Justice Unit and Defendant Joanna Whinery as Managing Attorney in that Unit.

Within a few short weeks, a representative of the Cleveland Rape Crisis Center contacted the Prosecutor's Office with concerns about a number of sexual assault cases involving juvenile victims which had been reported but never charged. Mussman, Whinery and Defendant Jennifer Driscoll, an Assistant Prosecuting Attorney, began an investigation focusing on the Juvenile Division's intake of sexual assault cases.

The investigation revealed that nearly 2,000 cases had been placed on the "inactive" list in the computerized case management system. In addition, the investigation uncovered 76 sexual assault cases that were never fully reviewed for charges. Plaintiff Linda Herman had handled two of the uncharged cases and Plaintiff Laura Hoffman handled four such cases.

In the wake of the investigation, several Assistant Prosecuting Attorneys were disciplined. Robin Belcher, the previous Managing Attorney of the Intake Unit, resigned. Plaintiffs were offered the option of resigning or being terminated. They both chose to resign their employment on February 8, 2017. The Prosecutor's Office issued other discipline including demotions, suspensions and verbal reprimands.

Plaintiff Hoffman has a genetic condition that severely impairs her vision and which requires accommodation in the workplace. Plaintiff Herman was approximately 20 years older than her colleagues and was 52 years old at the time of her termination.

On or about February 13, 2017, Defendants O'Malley, Whinery, Driscoll and Mussman told a *Cleveland.com* reporter that 76 sexual assault cases, including 37 reported rapes and 32 reports of gross sexual imposition, had been mishandled by the Juvenile Unit and "sat dormant on the desks of assistant prosecutors for months and, in some cases, years." (Defendants' Joint Answer, ECF DKT #4, Exhibit A). Plaintiffs were identified as two of the three attorneys in the office who "handled the bulk of the cases" and who were asked to resign following a disciplinary hearing. (*Id.*).

The prior Chief of the Juvenile Division was Duane Deskins, who was subsequently appointed to the newly-created position of Chief of Prevention, Intervention and Opportunity for Youth and Young Adults for the City of Cleveland. He told *Cleveland.com* that "he was

not aware of any delays or mishandling of cases while he headed the juvenile division" and that "we did an aggressive job." (*Id.*).

O'Malley said the "decision to go public with revelations" was not about the prior administration but it was about "results," and "the results for the public have been a failure in this particular case." (*Id.*).

Other media sources responsible for the publication of this story are *The Plain Dealer*, *The Morning Journal*, Fox 8 Cleveland, News Channel 5 Cleveland and WCPN Ideastream. (See Defendants' Joint Answer, ECF DKT #4, Exhibits A-E).

On February 8, 2018, Plaintiffs brought this action for damages against Cuyahoga County and O'Malley, Assistant Prosecutor Lisa Williamson, Mussman, Whinery and Driscoll, in their official and personal capacities, for defamation, discrimination and wrongful termination of employment in violation of the Americans with Disabilities Act of 1990 ("ADA"), the Age Discrimination in Employment Act ("ADEA") and Ohio Revised Code Sections 4112.02(A) and 4112.14.

Defendants O'Malley, Mussman, Whinery and Driscoll have filed Motions for Judgment on the Pleadings (ECF DKT #10, #11 & #12). Counts One through Four of Plaintiffs' Complaint, stating federal and state law employment discrimination claims, are asserted only against Defendants O'Malley and Mussman. Defendants O'Malley and Mussman argue that these claims are not actionable against them in their personal capacity. Further, all the individual Defendants argue that the claims against them in their official capacity should be dismissed as duplicative. As to Counts Five and Six, all of the moving Defendants contend that Plaintiffs' Complaint does not sufficiently state a claim for relief

because it provides only a formulaic recitation of the elements of Defamation Per Se and False Light Invasion of Privacy.

## II. LAW AND ANALYSIS

### Fed.R.Civ.P. 12(c) Standard of Review

After the pleadings are closed, but within such time as not to delay the trial, any party may move for judgment on the pleadings. Fed.R.Civ.P. 12(c). In this jurisdiction, "[t]he standard of review for a judgment on the pleadings is the same as that for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) . . . We 'construe the complaint in the light most favorable to the plaintiff, accept all of the complaint's factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of the claims that would entitle relief.'" *Roger Miller Music, Inc. v. Sony/ATV Publishing, LLC,* 477 F.3d 383, 389 (6th Cir.2007) (citations omitted). The court's decision "rests primarily upon the allegations of the complaint;" however, "exhibits attached to the complaint[] also may be taken into account." *Barany-Snyder v Weiner,* 539 F.3d 327, 332 (6th Cir.2008) (citation omitted) (brackets in the original). "In addition, when a document is referred to in the pleadings and is integral to the claims, it may be considered without converting a motion to dismiss into one for summary judgment." *Commercial Money Ctr., Inc. v. Illinois Union Ins. Co.*, 508 F.3d 327, 335-36 (6th Cir. 2007).

A Rule 12(c) motion "is granted when no material issue of fact exists and the party making the motion is entitled to judgment as a matter of law." *Paskvan v. City of Cleveland Civil Serv. Comm'n*, 946 F.2d 1233, 1235 (6th Cir.1991). The court need not accept as true legal conclusions or unwarranted factual inferences. *Lewis v. ACB Bus. Servs.*, 135 F.3d 389,

405 (6th Cir. 1998). The complaint must state a plausible claim for relief. "Plausibility is a context-specific inquiry, and the allegations in the complaint must 'permit the court to infer more than the mere possibility of misconduct,' namely, that the pleader has 'show[n]' entitlement to relief." *Center for Bio-Ethical Reform*, *Inc. v. Napolitano*, 648 F.3d 365, 369 (6th Cir. 2011). Dismissal is warranted if the complaint lacks an allegation as to a necessary element of the claim raised. *Craighead v. E.F. Hutton & Co.*, 899 F.2d 485 (6th Cir. 1990).

**Official capacity claims**

Defendants contend that Plaintiffs' federal and state claims against the individual Defendants in their official capacities should be dismissed as redundant. The Court agrees.

Official capacity suits "represent only another way of pleading an action against an entity of which an officer is an agent." *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985), quoting *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 690, n. 55 (1978). "As long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Graham*, 473 U.S. at 166, citing *Brandon v. Holt*, 469 U.S. 464, 471-72 (1985). Thus, for example, a suit against a municipal employee in his official capacity is the equivalent of a suit against the public entity itself. *Shamaeizadeh v. Cunigan*, 338 F.3d 535, 556 (6th Cir. 2003).

Therefore, since Defendants are employees of Cuyahoga County and since the County has been named and served with notice of the suit, Plaintiffs' claims against the individual Defendants in their official capacity are dismissed as duplicative of claims against Defendant Cuyahoga County.

**Personal capacity claims**

Defendants O'Malley and Mussman argue that they are not "employers" subject to personal liability for Plaintiffs' claims in Counts One through Four under the ADA, ADEA, R.C. § 4112.02(A) and R.C. § 4112.14. Rather, Defendants are supervisors and co-workers. Plaintiffs do not contest dismissal of the personal capacity claims. (Plaintiffs' Opposition, ECF DKT #14 at 14). Therefore, Counts One, Two, Three and Four of Plaintiffs' Complaint are dismissed as against Defendants O'Malley and Mussman individually.

**Defamation**

"To establish defamation, the plaintiff must show (1) that a false statement of fact was made, (2) that the statement was defamatory, (3) that the statement was published, (4) that the plaintiff suffered injury as a proximate result of the publication, and (5) that the defendant acted with the requisite degree of fault in publishing the statement." *Anthony List v. Driehaus,* 779 F.3d 628, 632–33 (6th Cir. 2015). In Ohio, words are defamatory when the "statements reflect upon a person's character in a manner that will cause him to be ridiculed, hated, or held in contempt, or in a manner that will injure him in his trade or profession." *Earp v. Kent State Univ.,* 2010–Ohio–5904, ¶12 (Ohio Ct.Cl.2010) (citing *Matikas v. Univ. of Dayton,* 152 Ohio App.3d 514 (2003)); *Kendel v. Local 17-A United Food & Commercial Workers*, 835 F. Supp.2d 421, 435 (N.D. Ohio 2011).

"Defamation falls into two categories, defamation *per quod* or *per se.* In defamation *per quod,* a publication is merely capable of being interpreted as defamatory and the plaintiff must allege and prove damages. Defamation *per se* occurs if a statement, on its face, is defamatory. Additionally, [w]hen a statement is defamatory *per se,* a plaintiff 'may maintain

an action for [defamation] and recover damages, without pleading or proving special damages. Damages are presumed." *Kendel*, 835 F.Supp.2d at 433 (internal citations omitted). "[I]t is for the court to decide as a matter of law whether certain statements alleged to be defamatory are actionable or not." *Yeager v. Local Union 20, Teamsters, Chauffeurs, Warehousemen & Helpers of Am.,* 6 Ohio St.3d 369, 372 (1983). "A defamatory statement expressed in a writing, a picture, a sign, or an electronic broadcast is considered libel." *McPeek v. Leetonia Italian Am. Club*, 174 Ohio App.3d 380, 384 (2007). "A writing that accuses a person of committing a crime is libelous *per se*." *Gosden v. Louis,* 116 Ohio App.3d 195, 207 (1996).

Article 1, Section 11 of the Ohio Constitution guarantees every citizen the right to publish freely his or her sentiments on all subjects. *Wampler v. Higgins*, 93 Ohio St.3d 111 (2001). The Ohio Constitution provides an absolute privilege for expressions of opinion and requires the trial court to make a categorical determination in every defamation case as to whether an allegedly defamatory statement is a non-actionable statement of opinion or a statement of fact. *Id.* at 119; *see also Vail v. Plain Dealer Publishing Co.*, 72 Ohio St.3d 279, 281 (1995); *Scott v. News-Herald*, 25 Ohio St.3d 243, 250 (1986).

When analyzing whether a statement is fact or opinion, the Court applies the totality-of-circumstances test. This test requires the Court to analyze the following factors: 1) the specific language used; 2) whether the statement is verifiable; 3) the general context of the statement; and 4) the broader context in which the statement appears. *Vail*, 72 Ohio St. 3d at 282 (citing *Scott*, 25 Ohio St.3d at 250); *Ferreri v. Plain Dealer Publishing Co.*, 142 Ohio App.3d. 629 (2001). "The specific language used must be reviewed, focusing on the common

meaning ascribed to the words by an ordinary reader. [The Court] must determine whether a reasonable reader would view the words used to be language that normally conveys information of a factual nature or hype and opinion..." *Vail*, 72 Ohio St. 3d at 282. "Furthermore, even if the Court were to consider the language used as conveying to the ordinary reader some implication of criminal conduct courts must 'examine the totality of the circumstances in order to determine whether a published statement constitutes an opinion protected by the Ohio Constitution.'" *Santoli v. Vill. of Walton Hills*, No. 1:12CV1022, 2014 WL 1093093, at *7 (N.D. Ohio Mar. 18, 2014) quoting *Wampler*, 93 Ohio St.3d at 122.

As the United States Supreme Court stated in *Milkovich v. Lorain Journal Co.*, 497 U.S. 1, 18–19, 110 S. Ct. 2695, 2705–06, 111 L. Ed.2d 1 (1990):

> If a speaker says, "In my opinion John Jones is a liar," he implies a knowledge of facts which lead to the conclusion that Jones told an untruth. Even if the speaker states the facts upon which he bases his opinion, if those facts are either incorrect or incomplete, or if his assessment of them is erroneous, the statement may still imply a false assertion of fact.

Citing *Restatement (Second) of Torts*, § 566.

**False light invasion of privacy**

To assert a claim for false light "[i]n Ohio, one who gives publicity to a matter concerning another that places the other before the public in a false light is subject to liability to the other for invasion of his privacy if (a) the false light in which the other was placed would be highly offensive to a reasonable person, and (b) the actor had knowledge of or acted in reckless disregard as to the falsity of the publicized matter and the false light in which the other would be placed." *Welling v. Weinfeld,* 113 Ohio St.3d 464, 473 (2007).

According to the Complaint, on February 1, 2017, Defendant Mussman conducted a meeting with Plaintiff Hoffman regarding her handling of certain sexual assault cases. (ECF

DKT #1, ¶¶ 73-74). Defendants Williamson and Whinery also attended. (*Id*.). At approximately the same time, Plaintiff Herman was asked to attend a meeting with Defendants Mussman, Whinery and Williamson to discuss four uncharged sexual assault cases. (ECF DKT #1, ¶¶ 83-85).

On February 7, 2017, Plaintiff Hoffman received a telephone call and an email regarding a pre-disciplinary conference. The email alleged "neglect of duty" as to four cases. (*Id*. at ¶ 90). Plaintiff Hoffman attended the conference held that same day. (*Id*. at ¶ 91). Defendant Williamson informed Plaintiff Hoffman that she would have an opportunity to submit documentation after the meeting. (*Id*. at ¶ 92). The following day, Defendant Williamson allegedly informed Plaintiff Hoffman that she was found in violation of the Prosecutor's Office neglect of duty policy and Williamson told Plaintiff Hoffman that she must resign or be terminated. (*Id*. at ¶ 96).

On February 7, 2017, Plaintiff Herman attended a mandatory pre-disciplinary conference. (*Id*. at ¶ 102). Defendant Williamson allegedly told Plaintiff Herman that she could submit documentation after the conference. (*Id*. at ¶ 106). On February 8, 2017, Defendant Williamson advised Plaintiff Herman that the Prosecutor's Office had found grounds for terminating her and she would be terminated if she did not resign. (*Id*. at ¶ 107).

According to Plaintiffs' Complaint:

¶ 113. In an article [February 13, 2017] published on *Cleveland.com* and in *The Plain Dealer*, which was further publicized in part by local television news stations including Fox 8 Cleveland and News Channel 5 Cleveland, Defendants O'Malley, Whinery, Driscoll, and Mussman stated that Ms. Hoffman and Ms. Herman were forced to resign for mishandling "the bulk of" 76 uncharged sexual cases, including 37 cases of rape and 32 cases of gross sexual imposition.

¶ 114.  Defendants Whinery, Driscoll, and Mussman also stated that the cases had never fully been reviewed and that over 1,900 cases had improperly been switched to inactive status.

¶ 115.  Defendant O'Malley cited "incompetency, inefficiency, and neglect of duty" as the reasons why Ms. Hoffman and Ms. Herman were forced to resign.

Further, Plaintiffs' Complaint alleges:

¶ 133.  Defendants' false and defamatory statements have reflected upon Ms. Hoffman's and Ms. Herman's characters by bringing them into ridicule, hatred, or contempt, have affected them injuriously in their trade or profession, and constitute defamation per se.

¶ 134.  Defendants' false and defamatory statements serve, as the Prosecutor's office intended, to present Ms. Hoffman and Ms. Herman in a false light, as public servants who are incompetent, inefficient, unethical, and neglectful of their duties.

\* \* \* \*

¶ 167.  These are statements of fact that were demonstrably false at the time they were made.

¶ 168.  Defendants knew the statements were false, or acted in reckless disregard for the truth, at the time they published the statements.

¶ 169.  Defendants made these statements in the course and scope of Defendants' employment with the Prosecutor's office.

¶ 170.  These false statements recklessly, intentionally, and falsely imply that Plaintiffs engaged in potentially criminal activity.

¶ 180.  Defendants knew that these statements would damage Plaintiffs by painting them in a false and negative light in the manner described above, and chose to publish the statements.

Defendants O'Malley, Mussman, Driscoll and Whinery contend that Plaintiffs' Defamation and False Light claims fail for a number of reasons:  Plaintiffs do not sufficiently plead facts to show actual malice.  The challenged statements are not of and concerning Plaintiffs; are not false; are not defamatory; are opinions; or were not made by the named

Defendants. Further, Defendants are entitled to qualified privilege and immunity under R.C. Chapter 2744.

Plaintiffs allege in their Complaint that the published statements describe Plaintiffs as neglectful, inefficient and incompetent in the exercise of their prosecutorial duties. The Complaint also alleges that Defendants' statements in the articles and newscasts imply that Plaintiffs actions were possibly criminal. Therefore, the Court finds the allegations sufficiently plead that the challenged statements are defamatory.

As to Defendants' other challenges, the Court determines that Plaintiffs' Complaint is sufficient to survive dismissal at this juncture.

Whether or not a defamatory statement is substantially true is a question of fact. *Young v. Gannett Satellite Information Network, Inc*., 837 F.Supp.2d 758, 764 (S.D.Ohio 2011). It would be inappropriate for the Court to assess truthfulness and particularly so at the pleadings stage.

A determination of whether a defamatory statement constitutes the opinion of the speaker is a question of law and may be constitutionally protected. *Scott*, 25 Ohio St. at 250. Nevertheless, Ohio law directs that the analytical framework for separating fact from opinion requires application of a totality-of-circumstances test. (*Id*.). The totality-of-circumstances test involves four factors which necessarily encompass factual determinations: "First is the specific language used, second is whether the statement is verifiable, third is the general context of the statement and fourth is the broader context in which the statement appeared." (*Id*.).

Defendants O'Malley, Mussman, Driscoll and Whinery were interviewed for the

*Cleveland.com* article. (Defendants' Joint Answer, ECF DKT #4, Exhibit A). Discovery will likely reveal which Defendant is responsible for which statement.

Plaintiff Herman and Plaintiff Hoffman, along with Robin Belcher, were identified in the articles as the assistant prosecutors who "handled the bulk of the delayed cases" and who resigned "after each had a disciplinary hearing." (*Id.*). The pleadings and the attached exhibits permit the inference that the defamatory statements are "of and concerning" Plaintiffs Herman and Hoffman.

Defendants point out that statements made by government officials about matters of public concern should be protected by qualified privilege. *See Wrenn v. Ohio Dept. of Mental Health & Mental Retardation*, 16 Ohio App.3d 160 (10th Dist. 1984). Also, Defendants assert that they are immune pursuant to R.C. § 2744.03. Yet, Defendants acknowledge that privilege and immunity can be overcome by evidence of actual malice.

"Actual malice exists when the publisher makes the statement with knowledge of the statement's falsity or with reckless disregard of whether it was false or not." *Young*, 837 F.Supp.2d at 763, citing *New York Times Company v. Sullivan*, 376 U.S. 254, 279-80 (1964). "[T]he focus of [an actual malice] inquiry is on defendant's attitude toward the truth or falsity of the publication, *Herbert v. Lando* (1979), 441 U.S. 153, 160, 99 S.Ct. 1635, 1640, 60 L.Ed.2d 115; and a public official may recover only upon clear and convincing proof of actual malice. *Gertz v. Robert Welch, Inc*. (1974), 418 U.S. 323, 342, 94 S.Ct. 2997, 3008, 41 L.Ed.2d 789." *Scott*, 25 Ohio St.3d at 248. Courts "shall consider the evidence and all reasonable inferences to be drawn therefrom in the light most favorable to the plaintiff to determine whether a reasonable jury could find actual malice with convincing clarity."

*Jackson v. Columbus*, 117 Ohio St.3d 328, 883 N.E.2d 1060, 1064 (2008).

Because the burden of proving actual malice is clear and convincing, and because the fact-finder or the jury finds actual malice only upon consideration of all the evidence, Defendants are not entitled to judgment on the pleadings as a matter of law.

The standard under Fed.R.Civ.P. 12(c) is that the Complaint must state a ***plausible*** claim for relief. Plaintiffs' claims may go forward even if "actual proof of [the] facts is improbable" or "a recovery is very remote and unlikely." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). The Court finds that there are enough facts alleged in Plaintiffs' Complaint "to raise a reasonable expectation that discovery will reveal evidence" of the necessary elements of Plaintiffs' claims. (*Id.*).

### III. CONCLUSION

For these reasons, the Motions (ECF DKT #10, #11 & #12) of Defendant Michael C. O'Malley, Defendant Gregory Mussman and Defendants Jennifer Driscoll and Joanna Whinery for Judgment on the Pleadings are GRANTED as to the official capacity claims against all the individual Defendants and as to the personal capacity claims against Defendant O'Malley and Defendant Mussman in Counts One, Two, Three and Four; but DENIED as to Count Five for Defamation Per Se and Count Six for False Light Invasion of Privacy as against all the moving Defendants.

**IT IS SO ORDERED.**

                                               s/ Christopher A. Boyko
                                              **CHRISTOPHER A. BOYKO**
**Dated: February 8, 2019**                **United States District Judge**